1    WO

2

3

4

5

6                IN THE UNITED STATES DISTRICT COURT

7                   FOR THE DISTRICT OF ARIZONA

8

9    ENRIQUE MENDEZ,              )  No. CV 05-1690 PHX JAT (DKD)
                                  )
10           Plaintiff,           )    MEMORANDUM AND ORDER
                                  )
11   v.                           )
                                  )
12                                )
     GEORGE HERRING, JOHNNY       )
13   TUCKER,   JEFFREY   FREELAND,)
     MICHAEL SIMMONS,             )
14                                )
             Defendants.          )
15                                )
                                  )
16   _____)

17       Pending before the Court is Defendants'[1] Motion to Dismiss

18   Plaintiff's complaint. (Doc. #15).

19                          BACKGROUND

20       Plaintiff, who has been deemed a vexatious litigant and

21   who must seek leave to file section 1983 complaints in the

22   Court, filed a motion seeking leave to file a civil rights

23   complaint on June 6, 2005.  On July 5, 2005, Plaintiff was

24   granted leave to file his complaint (Doc. #4)  The complaint

25   seeks compensatory and punitive damages and injunctive relief

26

27   _____

28       [1] Defendants Herring and Simmons have been dismissed from
     this matter.

1   from Defendants Tucker and Freeland, sued in their individual
2   and official capacities.   <u>Id.</u>

3        On July 5, 2005, the Court granted leave to file the
4   complaint.   The Court dismissed two of the claims stated in
5   the amended complaint and ordered Defendants Tucker and
6   Freeland to answer Plaintiff's allegation that they violated
7   Plaintiff's constitutional rights by failing to protect him
8   from other inmates.   <u>See</u> Doc. #5.   In the order issued July 5,
9   2005, Plaintiff was ordered to notify the Court if his address
10  changed.   <u>See id.</u>   Plaintiff was also notified that, if he was
11  released from custody, Plaintiff was obligated to pay the
12  filing fee for this section 1983 action within 120 days of the
13  date he was released or, absent a showing of good cause,
14  Plaintiff's action would be dismissed.   <u>See id.</u>

15       Defendants were served with the amended complaint.   <u>See</u>
16  Doc. #9 & Doc. #10.   On July 30, 2005, Plaintiff was released
17  from the custody of the Arizona Department of Corrections.
18  <u>See</u> Doc. #13.

19       On September 30, 2005, Defendants filed a Motion to
20  Dismiss Plaintiff's complaint (Doc. #15).   Defendants argue
21  that the only remaining claim stated in the complaint must be
22  dismissed pursuant to 42 U.S.C. § 1997e(a) because Plaintiff
23  failed to exhaust his administrative remedies regarding this
24  claim.   Defendants also contend that Plaintiff's claim for
25  injunctive relief is moot because Plaintiff has been released
26  from custody, and that Plaintiff's claim for monetary damages
27  from Defendants named in their official capacities is barred
28  by the Eleventh Amendment.

1    Plaintiff filed a response to the motion to dismiss on
2    October 26, 2005 (Doc. #20), and Defendants filed a Reply to
3    Plaintiff's Response to Defendants' Motion to Dismiss (Doc.
4    #21).

5                              **DISCUSSION**

6    **A. Standard for granting motion to dismiss**

7        When deciding a motion to dismiss pursuant to Federal
8    Rule of Civil Procedure 12(b)(6), the Court must take the
9    factual allegations of the complaint as true and construe them
10   in the light most favorable to the plaintiff.  See Galbraith
11   v. County of Santa Clara, 307 F.3d 1119, 1121 (9th Cir. 2002);
12   Epstein v. Washington Energy Co., 83 F.3d 1136, 1140 (9th Cir.
13   1996).  Additionally, *pro se* complaints are held to a less
14   strict standard than those drafted by counsel.  See Estelle v.
15   Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976).  It is
16   not appropriate to dismiss a pro se prisoner's civil rights
17   action unless it is "beyond doubt that the plaintiff can prove
18   no set of facts in support of his claim which would entitle
19   him to relief."  Id.

20   **B. Exhaustion of administrative remedies**

21       Exhaustion of administrative remedies under the Prison
22   Litigation Reform Act ("PLRA") is governed by 42 U.S.C. §
23   1997e(a).  This statute provides that "[n]o action shall be
24   brought with respect to prison conditions under section 1983
25   of this title, or any other Federal law, by a prisoner
26   confined in any jail, prison, or other correctional facility
27   until such administrative remedies as are available are
28   exhausted."  42 U.S.C. § 1997e(a).  An inmate must exhaust

1    available administrative remedies "irrespective of the forms
2    of relief sought and offered through administrative avenues."
3    Booth v. Churner, 532 U.S. 731, 741, n.6, 121 S. Ct. 1819,
4    1825 n.6 (2001).

5        The exhaustion requirement "applies to all inmate suits
6    about prison life, whether they involve general circumstances
7    or particular episodes." Porter v. Nussle, 534 U.S. 516, 532,
8    122 S. Ct. 983, 992 (2002).   A plaintiff must fully exhaust
9    his administrative remedies before filing a section 1983
10   complaint. McKinney v. Carey, 311 F.3d 1198, 1199-1200 (9th
11   Cir. 2002). Additionally, the Court should not "read futility
12   or other exceptions into statutory exhaustion requirements"
13   where the statute provides for no such exceptions. Booth, 532
14   U.S. at 741, 121 S. Ct. at 1825.

15       Exhaustion is an affirmative defense; establishing
16   exhaustion of administrative remedies under the PLRA is not a
17   pleading requirement or a jurisdictional prerequisite. See
18   Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert.
19   denied, 124 S. Ct. 50 (2003). Therefore, Defendants "have the
20   burden of raising and proving the absence of exhaustion." Id.
21   The failure to exhaust administrative remedies under the PLRA
22   is treated as a matter in abatement and is properly raised in
23   an unenumerated Rule 12(b) motion. See id. "In deciding a
24   motion to dismiss for a failure to exhaust nonjudicial
25   remedies, the court may look beyond the pleadings and decide
26   disputed issues of fact." Id. at 1119-20. "If the district
27   court concludes that the prisoner has not exhausted
28

1  nonjudicial remedies, the proper remedy is dismissal of the
2  claim without prejudice." Id. at 1120.

3       Plaintiff asserts he did not grieve his claim that he was
4  raped by another inmate and was denied proper medical care
5  following this incident because he was told the issue was not
6  grievable.    The   federal   courts   have   concluded   that   an
7  assertion   that   pursuing   administrative   remedies   would   be
8  futile   does   not,   standing   alone,   excuse   an   individual's
9  failure to exhaust his administrative remedies prior to filing
10 a section 1983 action. See, e.g., Jernigan v. Stuchell, 304
11 F.3d 1030, 1032 (10th Cir. 2002); Giano v. Goord, 250 F.3D
12 150-51 (2d Cir. 2001).   The evidence presented by Defendants
13 indicates that there was an administrative process available
14 to Plaintiff, which he previously utilized to grieve a claim
15 similar   to   the   claim   presented   in   this   matter,   and   that
16 Plaintiff   did   not   pursue   his   administrative   remedies   with
17 regard   to   the   endangerment   claim   stated   in   his   complaint
18 lodged June 6, 2005.   Based on Plaintiff's failure to grieve
19 this   claim,   the   Court   concludes   that   Plaintiff   failed   to
20 exhaust his available administrative remedies prior to filing
21 his   complaint   and   it   must   be   dismissed   without   prejudice
22 pursuant to 42 U.S.C. § 1997e.

23       Additionally,   to   the   extent   that   Defendants   argue   that
24 Plaintiff's   claims   for   monetary   relief   against   them   as
25 individuals acting in their official capacities is barred by
26 the Eleventh Amendment, Defendants are entitled to judgment as
27 a   matter   of   law   regarding   Plaintiff's   claims   for   monetary
28 relief.   See, e.g., Hale v. State of Ariz., 993 F.2d 1387,

1399 (9th Cir. 1993); <u>Owen v. Lash</u>, 682 F.2d 648, 655 (7th Cir. 1982).

### Conclusion

Plaintiff concedes that he did not exhaust his administrative remedies regarding the claim stated in his section 1983 complaint, and Defendants present evidence to the Court that administrative remedies were available to Plaintiff and that Plaintiff did, in fact, previously pursue an administrative grievance with regard to a claim similar to that stated in the complaint. Therefore, the Court concludes that Plaintiff's complaint as to the monetary damages sought from Defendants in their individual capacities must be dismissed without prejudice pursuant to section 1997e because Plaintiff failed to exhaust his administrative remedies regarding his claim prior to filing his section 1983 suit. Because Defendants acting in their official capacities are immune from a suit seeking monetary damages, Plaintiff's claims for monetary relief from Defendants acting in their official capacities are dismissed with prejudice. Additionally, because Plaintiff was released from custody following the filing of his complaint, Plaintiff's claims for injunctive relief must be dismissed as moot. <u>See McQuillion v. Schwarzenegger</u>, 369 F.3d 1091, 1095 (9th Cir. 2004); <u>Green v. Branson</u>, 108 F.3d 1296, 1300 (10th Cir. 1997) .

1   **THEREFORE, IT IS ORDERED THAT** Defendants' Motion to

2 Dismiss (Docket No. 15) is **GRANTED.**

3   Plaintiff's complaint is hereby **dismissed without**

4 **prejudice** with regard to his claims for monetary relief from

5 Defendants acting in their individual capacities. Plaintiff's

6 complaint is **dismissed with prejudice** with regard to

7 Plaintiff's claims for injunctive relief and with regard to

8 Plaintiff's claims for monetary relief from Defendants acting

9 in their official capacites.

10   DATED this 29th day of November, 2005.

11

12

13

14                                                    _____
                                                      James A. Teilborg
15                                                    United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28